IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK D. THOMPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:14-cv-00047-SWW |
| | * | |
| | * | |
| | * | |
| HORACE WALTERS, individually | * | |
| and in his official capacity as Chief | * | |
| of Police in and for the City of | * | |
| Alexander, AR; CITY OF | * | |
| ALEXANDER, ARKANSAS, | * | |
| | * | |
| Defendants. | * | |

## STIPULATED AND AGREED PROTECTIVE ORDER

**1.** Confidential Information obtained from the City of Alexander by Plaintiff or Plaintiff's counsel shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons.

**2.** Confidential Information includes, without limitation:

(a) Documents containing confidential personal information, such as social security numbers, contact information, medical information, dates of birth, and information and other matters requested by a party now or later.

(b) Any information produced by a party and declared by the party at the time of production to be Confidential Information. Materials that are designated as confidential that do not fall into one of the specific categories named in Section 2(a) should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by Bates number in a

letter. A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if negotiations fail.

**3.** Except with the prior written consent of the City, or pursuant to an Order of this Court no Confidential Information may be disclosed to any person other than Qualified Persons.

**4.** Qualified Persons include Plaintiff's counsel, any future counsel of record for Plaintiff in this action, secretaries, para-professional assistants, experts, and other employees of counsel who are actively engaged in assisting counsel with this action, court personnel, witnesses at trial or deposition, and the jury.

**5.** Upon delivery of Confidential Information to Plaintiff's counsel, the City (or City's counsel) shall execute and submit to Plaintiff's counsel a document entitled Inventory of Confidential Documents Delivered in the format of the attached form. See Exhibit 1. Documents containing Confidential Information shall be stamped or otherwise marked confidential.

**6.** This Order shall continue to be binding through and after the conclusion of this litigation, including all appeals. One year after the conclusion of this litigation, this Court shall lose jurisdiction to enforce this Order and it shall survive thereafter only as to a contract between the parties. No later than three years after the conclusion of this litigation, Plaintiff's counsel shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part. All Qualified Persons are barred from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

**7.** Nothing in this Order shall prevent any party from seeking modification of this Order

at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

**8.** Documents that are entirely confidential may need to be filed with the Court and must be filed with the Clerk of this Court under seal. But to the greatest extent possible, Fed. R. Civ. P. 5.2 documents containing confidential information shall be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public. Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

SO ORDERED.

/s/Susan Webber Wright
U.S. District Judge

June 18, 2014

PREPARED BY:

*/s/ Amanda LaFever*
Amanda LaFever, Ark. Bar No. 2012133
Post Office Box 38
North Little Rock, Arkansas 72115-0038
E-mail: alafever@arml.org
Counsel for Defendants

APPROVED AS TO FORM:

*/s/ Edward G. Adcock*
Edward G. Adcock, Ark. Bar No. 83001
1018 Cumberland #11
Little Rock, AR 72202
E-mail: egalaw@aol.com
Counsel for Plaintiff

EXHIBIT 1

**INVENTORY OF CONFIDENTIAL DOCUMENTS PROVIDED**

   I hereby submit the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in Patrick Thompson v. City of Alexander; Horace Walters, individually and in his official capacity, filed in The United States District Court for the Eastern District of Arkansas, Western Division, No. 4:14-CV-047-SWW.

List all documents, pages, and depositions submitted below.

The City of Alexander Police Department personnel files of the following individuals:

  John Calma
  Erik Cathey
  Nancy Cummings
  Oscar DeLeon
  Willie Jordan
  Brett Lawrence
  Michael Murray
  Patrick Thompson
  Horace Walters
  Jeff Watson
  Brad Williams


DATED: _____  SIGNATURE: */s/ Amanda LaFever*